# HOFFMAN POLLAND & FURMAN PLLC

Attorneys At Law
220 EAST 42nd STREET, SUITE 435
NEW YORK, NEW YORK 10017
(212) 338-0700
FAX (212) 338-0093
www.HPF-law.com
_____

February 19, 2015

**VIA ECF**

Magistrate Judge Marilyn D. Go
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    Allstate Insurance v. A&F Medical et al.
                       Case No. 14-cv-06756 (JBW) (MDG)

Dear Judge Go:

      Our firm represents the following defendants in the above-referenced action: Adeliya Isaakovna Akpan, M.D., A&F Medical P.C., Robert Albano, D.C., Advanced Chiropractic of New York, P.C., Joseph Humble, D.C., Elmont Wellness Chiropractic P.C., Anthony S. Mandracchia, D.C., Big Apple Chiropractic P.C., Paul Scarborough, D.C., Atlas Orthogonal Chiropractic P.C., Narcisse Versailles and White Plains Medical Care, P.C.. We write this letter in accordance with your Honor's order of February 5, 2014, requesting the parties' positions as to whether the defendants in this civil RICO action are properly joined under FRCP 20(a). After conferring with plaintiffs' counsel, it is my understanding that plaintiffs will be filing it's position in separate correspondence.

      On behalf of our clients, we respectfully submit that these approximately thirty (30) P.C. Defendant health care providers and their respective owners are not properly joined under Rule 20(a). Rule 20(a) permits the joinder of multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences;
>  *and*
> (B) any question of law or fact common to all defendants will arise in the action.

Magistrate Judge Marilyn D. Go
February 19, 2015
Page 2

As is clear from the express language of the Rule, both criteria must be met for joinder to be proper. See Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009), and cases cited therein.

Here this purported civil RICO action is alleged against a set of some thirty separate and otherwise unrelated "enterprises", whose only alleged commonality is the billing for Current Procedural Terminology ("CPT") code 95904 using two, or perhaps three, designated electronic testing devices. Significantly, none of the causes of action against any of the defendants sound in RICO conspiracy under 18 U.S.C. 1962(d). Not only is there no allegation of conspiracy between the defendants, plaintiff Allstate's Complaint ( "Complaint") never once even mentions that the relief is asserted against them, as Rule 20(a) requires "jointly, severally, or in the alternative". According to Black's Law Dictionary (10th edition, 2014), the term "joint and several" means that the potential liability is "apportionable at an adversary's discretion either among two or more parties or to only one or a few select members of the group; together and in separation". Clearly, for the reasons stated in the foregoing, that is not the case here.

Beyond the barrier, arguendo, of absence of joint and several liability, neither can it be argued that the allegations amongst these thirty (30) P. C.s, each of whom billed Allstate independently, arise out of the same transaction, occurrence, or series of transactions and occurrences. Plaintiffs' claims are based upon the Defendant's use of one of two devices: an Axon-II Voltage-Input Sensory Nerve Conduction Threshold Testing Device (the "Axon-II") or its substantially similar predecessor, the Medi-Dx-7000 ("Medi-DX") (Complaint ¶7) which plaintiffs claim are "substantially similar". They go on to later claim that they are "identical", but for the bundling of the Axon-II with an additional diagnostic device entitled a "neural potentiometer"(Complaint ¶¶ 230-231), the value of which plaintiff's also dispute for additional reasons.

However, it is obvious that amongst the numerous defendants and time period alleged in the Complaint, some of the claims in question were submitted using the Medi-Dx, without the potentiometer, while others were submitted using the Axon-II. But the authority upon which plaintiffs rely for disallowance of the subject testing, and upon which purported "fraud" allegation is primarily based, only involves the Medi-Dx (Complaint ¶¶ 249-251). Furthermore, meaningful differences amongst several of the defendants are detailed in the Complaint (¶¶ 257, 265, 269).

For each of the foregoing reasons, we respectfully submit, therefore, that the first leg of the dual requirement for Joinder under Rule 20(a) has not been met.

We thank the Court for consideration of this issue.

                                              Respectfully submitted,

Magistrate Judge Marilyn D. Go
February 19, 2015
Page 3

/s/     *Mark L. Furman*
Mark L. Furman, Esq. (MF-4456)