**HKP** | HARFENIST KRAUT & PERLSTEIN LLP

NEIL TORCZYNER
DIRECT TEL.: 516.355.9612
DIRECT FAX: 516.355.9613
NTORCZYNER@HKPLAW.COM

February 19, 2015

U.S. District Court Magistrate Judge Marilyn D. Go
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

VIA: ECF

RE: Allstate Insurance Company, et al. v. A&F Medical, et al.
Docket No. 14-CV-6756(JBW)(MDG)

Dear Magistrate Judge Go:

Reference is made to the above captioned matter. As the Court may be aware, the undersigned represents Defendants Sophia Mohuchy, D.C., Flow Chiropractic PC and Power Chiropractic, P.C. ("Mohuchy Defendants"). Plaintiffs are represented by the firm of Stern & Montana, PC. A copy of the instant letter will be transmitted to all counsel via ECF.

I write in compliance with: (1) the Court's February 5, 2015 directive which requested that the parties file (either separately or jointly) their respective positions on whether the Defendants are properly joined in this action and (2) the Court's December 24, 2014 notice to Plaintiffs that at or before the initial conference, the Court may require plaintiffs to show that the defendants are properly joined under FRCP 20(a).

After reviewing the Court's guidance and the applicable case law set down by the Second Circuit and many distinguished Judges of the Southern and Eastern Districts of New York, the Mohuchy Defendants respectfully submit that the Defendants in this action have been misjoined and would respectfully request that the Court deem the within letter a motion to dismiss for lack of proper joinder under FRCP 20 and 21.

As the Court may be aware, the complaint in the instant matter seeks to recover $6,000,000 in payments made by Allstate for electrodiagnostic testing (EDX) provided to injured parties who had no-fault insurance coverage through Allstate. The complaint names twenty-eight (28) natural persons as well as twenty-nine (29) identified corporations as defendants.

The three hundred and two (302) page complaint contains ninety three (93) causes of action with nearly twelve hundred paragraphs which are pleaded as against individual groups of defendants. From our review of the complaint, it appears that no cause of action is pleaded as against all defendants other than the final cause of action which seeks declaratory relief against all of the entities. Indeed, the causes of action pleaded against Dr. Mohuchy, Flow and Power do not allege that they conspired with any other defendant to defraud Allstate.

Under FRCP 20(a), defendants may be joined in an action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." It is submitted that the joinder of fifty four defendants with Dr. Mohuchy, Flow and Power is improper and requires dismissal of the complaint as against Dr. Mohuchy, Flow and Power.

In *Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) the Second Circuit affirmed the dismissal of a complaint similar to the case at bar as it sought damages as against one hundred and sixty four defendants where "there has been no showing of a right to relief arising from the same transaction or series of transactions. No allegation of conspiracy or other concert of action has been asserted. No connection at all between the practices engaged in by each of the 164 defendants has been alleged."

Numerous other courts have granted motions to sever and/or dismiss under FRCP 21 for violation of permissive joinder rules under FRCP 20. *See generally DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240 (E.D.N.Y. 2003)(dismissing complaint filed against ten unrelated defendants accused of stealing cable broadcasts and advising that "all future claims of this nature must be instituted separately against individual defendants. Such claims turn on the fact specific question of whether each defendant intercepted DIRECTV's broadcasts. DIRECTV does not plead any facts which indicate that there is any connection whatsoever among the various defendants"). See also *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012).

The Second Circuit is not alone in this regard as the Ninth Circuit and its District Courts have similarly dismissed lawsuits when unaffiliated parties are improperly joined. *See also Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997) (affirming severance of first named defendant and dismissal without prejudice of claims against all other defendants) *Martinez v. Encore Credit Corp.*, 2009 WL 3233531 (C.D.Cal. Sept. 30, 2009)(dismissing claims against unrelated defendants with leave to refile separate actions against the unrelated defendants) and *Diabolic Video Productions, Inc. v. Does 1–2099*, 2011 WL 3100404 (N.D.Cal. May 31, 2011) (same).

As was noted by this Court in *Lyons Partnership, L.P. v. D & L Amusement & Entertainment, Inc.*, 702 F.Supp.2d 104 (E.D.N.Y. Mar. 25, 2010):

> "Persons ... may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). Thus, a plaintiff may join parties only in those circumstances where plaintiff asserts that the right to relief arises out of (1) the same transaction, occurrence or series of occurrences and (2) any question of law or fact common to all defendants will arise in the action. This test is in the conjunctive; both prongs of Rule 20 must be satisfied for

joinder to be proper. In all other circumstances, joinder of parties in one action is improper. *Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2d Cir.1974).

In the instant matter, the allegations in the Complaint do not suggest that the claims arise from the same transaction, occurrence or series of occurrences. Furthermore, although there is a common question among some defendants as to whether the EDX testing is medically necessary, the essential elements of the underlying fraud claims will vary as Allstate reliance on the documentation and representation by each defendant by its very nature will be dramatically different. Indeed, the complaint alleges that each of the fifty plus defendants used one of two kinds of testing devices. (Complaint at ¶7). After stating "on information and belief" the frequency which these devices operated, the complaint alleges at ¶15 on information and belief that "Defendants' purported diagnoses relating to the VsNCT Testing of Covered Persons was entirely dependent upon Covered Persons' subjective recognition of the electrical stimulus being applied through the VsNCT Testing Devices." In order to demonstrate a fraud based on billing submitted for these services, Allstate will need to demonstrate the test results and diagnoses for each patient treated by each of the fifty plus defendants. This can hardly be a cookie cutter, common demonstration and would necessarily vary from practice to practice.

The issue of the reasonableness of Allstate's purported reliance as well as each defendant's individual intent is further implicated by ¶¶24 and 25 of the Complaint which allege that "Defendants purportedly performed VsNCT Testing which they knew or should have known was incapable of diagnosing sensory or peripheral neuropathies" (¶24) and "Defendants purportedly performed VsNCT Testing which was not rendered as billed, medically unnecessary and/or of no diagnostic value." (¶25). Each allegation will require a sui generis determination by the Court and mitigate against a finding that the defendants have been properly joined.

As was noted by Judge McMahon of the Southern District in *Digital Sins, Inc. v. John Does* 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012), "[t]he only economy that litigating these cases as a single action would achieve is an economy to plaintiff-the economy of not having to pay a separate filing fee for each action brought." In the instant matter, the grouping of so many disparate defendants and the cost factor of having to attend myriad Court appearances and depositions with no connection to the Mohuchy Defendants would only benefit the Plaintiffs.

Thank you for your attention to this matter. I look forward to discussing these issues with the Court at next week's conference.

Sincerely,
HARFENIST KRAUT & PERLSTEIN, LLP

By: _____S_____
Neil Torczyner

Cc: All counsel via ECF