CASE MANAGEMENT AND DISCOVERY ORDER

Lead case:   Allstate Insurance Co., v. A & F Medical P.C., 14cv6756
             (JBW)(MDG)
Member
cases:   15-cv-03636 Allstate Insurance Company et al v. A & F Medical P.C
         15-cv-03637 Allstate Insurance Company et al v. Dumont Medical Diagnostics P.C.
         15-cv-03638 Allstate Insurance Company et al v. Flow Chiropractic P.C.
         15-cv-03639 Allstate Insurance Company v. Art of Healing Medicine, P.C.
         15-cv-03644 Allstate Insurance Company et al v. Dynasty Medical Care, P.C.

This order summarizes the rulings and directives regarding discovery and other pretrial procedures made at a hearing held on June 24, 2015 concerning implementation of the order of the Honorable Jack B. Weinstein filed on June 23, 2015 in the above "lead case" (the "Order"). See DE 171. In the Order, Judge Weinstein directed that new actions be commenced covering the claims against five "clusters" of defendants identified in the Appendix to the order. Following entry of the Order, the Clerk of the Court opened the above five "member cases." To assist in prompt commencement of the five new cases, the Clerk of the Court opened the five member cases listed above, and limited each case to the defendants named in the clusters identified in the Appendix to the Order. The Clerk of the Court also arranged the complaint and other documents filed in the lead action to be filed in each member case.

The following shall govern the conduct of litigation in the lead and all member cases.

1. Amendment of Complaint. As directed, plaintiffs have moved to amend the captions in the member cases to reflect only the defendants that are parties to that case. Those motions will be separately granted in each case. Hereafter, all filings by a defendant in a member case must contain the amended caption or reference to the case name reflected on the docket sheet of the member case.

As directed by this Court, plaintiffs filed a chart identifying, by cluster, the allegations in the complaint that pertain to each defendant. See DE 170. The docket number for the member case corresponding to each cluster has been added to plaintiffs' chart,

which is annexed hereto as Exhibit A.  The complaint filed in each member case is deemed amended to include only the paragraphs identified in the chart.  In answering the complaint filed in a member case, a named defendant need only respond to the paragraphs pertaining to it, as set forth in Exhibit A.

2. <u>Previously Filed Documents</u>.  Plaintiffs have submitted a list of the documents filed in the lead action and identified, by cluster number, which documents are relevant to the claims or defendant in the cluster.  A copy of this list of documents is attached as Exhibit B.  The Clerk of the Court will arrange to keep on the docket sheet of a member case only the documents identified in Exhibit B as relating to that member case.  Any defendant in a member case that seeks to maintain any other document on the docket sheet of its member case must file a notice by June 29, 2015 identifying any additional documents on Exhibit B it believes should be kept on the docket sheet of the member case.[1]

3. <u>Future Filed Documents</u>.  As the parties were advised, all of the cases are linked and any document filed in the lead case can be spread and filed in one or more member case.  All pleadings, including answers, cross-claims and counterclaims must be filed <u>only</u> in the member case and not spread to any other case.  All other documents should be filed in the lead case and spread only to the member case or cases to which the filing pertains.

4. <u>Coordination of Discovery</u>.  The parties must use best efforts to coordinate discovery in all the cases to insure that discovery proceeds in an efficient and expeditious manner, which minimizes redundancy and reduces burdens on non-parties.  As a general rule, no witness whose testimony is sought in more than one

---

[1] The parties are advised that the docket numbers of the member cases are not in the same numerical order as the clusters.  Specifically, the docket number for cluster 4, 15-cv-3644, is higher than the docket number for cluster 5, 15-cv-3639.

case should be deposed more than once, absent exceptional circumstances or agreement of the witness.  Prior to conducting depositions, the parties must give ample notice of contemplated depositions to enable meaningful discussion of appropriate time limits and procedures.  Defendants should confer on how to allocate time among defense counsel or any other method to enable completion of depositions within appropriate time limits.

     5. <u>Limitations on Interrogatories</u>.  The parties are initially limited to 25 interrogatories with respect to the specific claims against each sub-cluster, as grouped in the Appendix to the Order.  In addition, all the defendants are collectively granted the right to propound an additional 25 interrogatories on common issues which they may propound jointly or allocate among some or more defense counsel.  The defendants should endeavor to minimize the propounding of other written discovery requests that are similar in nature.

     **SO ORDERED.**

Dated:  Brooklyn, New York
       June 25, 2015

                                  __/s/_____
                                  MARILYN D. GO
                                  UNITED STATES MAGISTRATE JUDGE