**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,
et al.,**

      **Plaintiffs,**     **MEMORANDUM
    -against-**            **AND ORDER**

                   **14-CV-6756 (JBW)**
**A & F MEDICAL P.C. , et al.,**

      **Defendants.**
-------------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,
et al.,**

      **Plaintiffs,**     **15-CV-3639 (JBW)**

    **-against-**

**ART OF HEALING MEDICINE, P.C., et al.,**

      **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

  Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company ("plaintiffs") bring this action alleging that defendants fraudulently billed plaintiffs for reimbursement for Voltage Actuated Sensory Nerve Conduction Threshold Testing ("VsNCT Testing") that was purportedly performed on individuals who were involved in automobile accidents and covered by plaintiffs' insurance policies. Currently pending before the Court is a motion filed by defendants Art of Healing, P.C., Svetlana Pinkusovich, M.D. and Alexander Pinkusovich, M.D. (collectively the "AOH defendants" or "defendants"), for a protective order and to quash a subpoena served upon non-party Dr. Alexander Kogos, M.D. (the "deponent" or "Dr.

Kogos"), who defendants now claim is a current employee of Art of Healing, P.C. ("Art of Healing").  See [AOH Defendants'] Motion for Protective Order and Motion to Quash (Nov. 29, 2016) ("Mot. for Protective Order"), Electronic Case Filing Docket Entry ("DE") #278.[1]  In their opposition to the AOH defendants' motion, plaintiffs cross-move to compel Dr. Kogos to appear for a deposition on or before December 9, 2016.  See [Plaintiffs'] Motion to Compel/Opposition to Quash Deposition of Alexander Kogos (Dec. 1, 2016) ("Pl. Opp."), DE #279.

For the reasons that follow, defendants' motion for a protective order is denied and plaintiffs' cross-motion to compel is granted.

## BACKGROUND

For the first time in their July 9, 2016 Amended Response to Plaintiffs' First Request for Interrogatories, the AOH defendants identified Dr. Kogos as "a former W-2 employee of Art of Healing Medicine, P.C. and a treating physician who provided VsNCT testing at AOH from June 21, 2010 through October 6, 2010."  See Defendants' Amended Response to Plaintiffs' First Request for Interrogatories (attached as Ex. A to Pl. Opp.), Response to Interrogatory No. 1, DE #279; see also id., Response to Interrogatory No. 3 (Dr. Kogos "was a W-2 employee of Art of Healing Medicine, PC from 6/21/2010 through 10/6/2010"); id., Declaration (identifying one declarant as "ALEXANDER KOGOS, MD June-October 2010 ART OF HEALING MEDICINE'S W-2 Employee").[2]  On November 9, 2016, plaintiffs

---

[1] Docket entry numbers refer to those in the member case, 15-CV-3639.

[2] The more recent pronouncements by defendants and Dr. Kogos regarding the dates of Dr.
(continued…)

caused Dr. Kogos to be served with a subpoena requiring him to appear for a deposition and produce documents on November 16, 2016.  See 11/13/16 Kogos Email; Mot. for Protective Order at 2.  Due to plaintiffs' counsel's uncertainty as to whether the subpoena had been properly served on Dr. Kogos, counsel withdrew the subpoena and issued another subpoena for Dr. Kogos to appear and produce documents on November 30, 2016.  See 11/13/16 Kogos Email; Mot. For Protective Order at 1 n.1; Letter from Daniel Marvin, Esq. to Wesley Mead, Esq. dated November 10, 2016, DE #278-1.

Although counsel for the AOH defendants and counsel for plaintiffs exchanged emails concerning the subpoena on November 13, 2016 and November 14, 2016, the AOH defendants waited until after 5:00 p.m. on November 29, 2016 -- the evening before the deposition was to be held -- to file the instant motion.  See Emails sent between Daniel Marvin and Wesley Mead, DE #278-5.  In conjunction with their motion for a protective order and motion to quash, the AOH defendants also requested "a temporary stay of compliance as to the subject subpoena . . . pending the instant motion for a protective order and quashing the subject subpoena."  Mot. for Protective Order at 1.  By electronic order docketed at 9:08 a.m. on November 30, 2016, this Court noted that the filing of the instant motion "does not operate to

---

²(…continued)
Kogos' employment at AOH are, at best, confusing and inconsistent.  Compare Reply in Support (Dec. 3, 2016) ("Reply") at 2, DE #335 ("Dr. Kogos was an employee of AOH until AOH's no-fault department closed in 2010[.] . . . At the end of October 2016 Dr. Kogos joined AOH again as an employee . . . ."); Motion for Protective Order at 1 & n.3 (referring to Dr. Kogos as a "current employee of AOH" and citing a 2015 AOH W-2); id. at 2 & n.6, with Email from Alexander Kogos M.D. to Daniel Marvin dated November 13, 2016 ("11/13/16 Kogos Email"), DE #278-5 (Dr. Kogos states that he is "an Art of Healing employee since October 2015").

-3-

stay the deposition." See Electronic Order dated November 30, 2016.

Despite the Court's order, Dr. Kogos failed to appear for his deposition on November 30, 2016. See generally Pl. Opp. Meanwhile, on November 29, 2016, the AOH defendants "and non-party Alexander Kogos, M.D., as an employee of AOH," served responses to the document demands in plaintiffs' subpoena. See Defendants' Response to Plaintiffs' Requests for Document Production ("Subpoena Response"), DE #278-4. To each of the twenty document requests, the AOH defendants "and non-party Alexander Kogos, M.D., as an employee of AOH," responded that "Dr. Kogos is not in possession of the requested documentation," "with the exception of his W-2 Form." See id. & Response to Interrogatory No. 2.

The AOH defendants now argue that it would be unduly burdensome for Dr. Kogos to respond to the document requests, which they assert are more appropriately directed at a party. See Mot. for Protective Order at 2, 3. Further, the AOH defendants contend that the documents sought by plaintiffs should not be disclosed because they contain privileged and/or confidential and/or commercial information of Art of Healing. See id. at 3. And, in their reply, they oppose the deposition on the grounds that defendants' motion to disqualify plaintiffs' counsel is still pending before Judge Weinstein and that Dr. Kogos was never properly served with the subpoena. See Reply at 1-2.

## DISCUSSION

### I. The AOH Defendants' Motion for a Protective Order and to Quash

#### A. Standing

A preliminary issue implicated by the motion for a protective order is whether the

movants have standing to challenge the subpoena addressed to Dr. Kogos. While portions of the letter-motion tend to blur the distinction between the AOH defendants and Dr. Kogos, <u>see, e.g.</u>, Mot. for Protective Order at 3 ("Defendants and Dr. Kogos as an employee of AOH, request . . . a protective order . . ."), it appears that it is the defendants who are seeking to quash the subpoena, <u>see id.</u> at 1 ("*The Defendants* submit the instant letter motion . . .") (emphasis added); <u>see also id.</u> ("This firm represents Defendants, Art of Healing, P.C. [], Svetlana Pinkusovich, M.D., and Alexander Pinkusovich, M.D.").

Ordinarily, a party lacks standing to challenge a subpoena served on a non-party unless the party asserts or establishes a personal right or privilege with regard to the subpoenaed information. <u>See</u> <u>Estate of Ungar v. Palestinian Auth.</u>, 332 F.App'x 643, 645 (2d Cir. 2009) (collecting authorities); <u>Harris v. Jamaica Auto Repair Inc.</u>, No. 03-CV-417 (ERK), 2009 WL 2242355, at *2 (E.D.N.Y. July 27, 2009). Here, the AOH defendants contend that plaintiffs "seek to discover a great deal of personal financial and commercial information of AOH." <u>See</u> Mot. for Protective Order at 3. For the reasons stated herein, even if those perfunctory allegations are deemed sufficient to confer standing on the AOH defendants as to certain aspects of the subpoena, and/or assuming that Dr. Kogos is represented by defense counsel and is joining the motion, the movants are not entitled to an order quashing the subpoena.

**B. Defendants' Challenges to the Subpoena**

    **1. General Legal Principles**

Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure protects against subpoenas that "subject[] a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); <u>see</u> Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise

allowed by these rules or by local rule if it determines . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ."). On a motion to enforce or quash a subpoena, the issuing party "bears the initial burden of demonstrating that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Malibu Media, LLC v. Doe, 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *2 (E.D.N.Y. Sept. 1, 2016) (citation and internal quotation marks omitted). "Once relevance is established, the party seeking to quash a subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." Vale v. Great Neck Water Pollution Control Dist., 14-CV-4229 (ADS)(AYS), 2016 WL 1072639, at *3 (E.D.N.Y. Jan. 8, 2016) (citations and internal quotation marks omitted); accord Malibu Media, 2016 WL 4574677, at *2. "Decisions to limit discovery as overbroad, duplicative, or unduly burdensome are left to the sound discretion of the trial judge." Corbett v. eHome Credit Corp., No. 10-CV-26 (JG)(RLM), 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010); accord Malibu Media, 2016 WL 4574677, at *2; Vale, 2016 WL 1072639, at *3.

Consistent with precedent from within this Circuit, the deponent is not excused from responding to the subpoena on the ground that the party issuing the subpoena must seek the documents through party discovery. See State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C., No. CV 2007-51 (ENV)(MDG), 2007 WL 2993840, at *1 (E.D.N.Y. Oct. 10, 2007) ("[N]othing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas."). Nor is it improper for a party to seek discovery from an employee of an adverse party through a Rule 45 subpoena.

See Schindler Elevator Corp. v. Otis Elevator Co., No. 06 Civ. 5377 (CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent . . . is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure . . . ."); Ruinsky v. Harrah's Entm't, Inc., No. CV03-4781 (RJD)(VVP), 2006 WL 681200, at *1 (E.D.N.Y. Mar. 15, 2006) (same).

### 2. Application of the Law to the Facts of This Case

As an initial matter, the AOH defendants acknowledge that Dr. Kogos is not a corporate officer, owner or director of Art of Healing. See Mot. for Protective Order at 2. Therefore, their unsupported assertion that Dr. Kogos may not be subpoenaed is swiftly rejected.

As for the substance of their challenges, critically, the AOH defendants have not disputed the relevance of the information sought. Nor have they demonstrated that the subpoena is unreasonably cumulative or duplicative or that discovery is more readily obtainable from another source. Although defendants imply that at least some of the documents subpoenaed from Dr. Kogos were or could have been sought by plaintiffs through party discovery, see id. at 2, defendants fail to particularize any such party requests. Even assuming *arguendo* that the subpoenaed documents were sought by plaintiffs through party discovery but that plaintiffs failed to move to compel responses over defendants' objections – or, in the alternative, that plaintiffs failed to demand the documents through party discovery – plaintiffs are nevertheless within their rights to seek the discovery from a non-party absent the imposition of an undue burden on the subpoenaed non-party. See Certain Underwriters at

Lloyd's v. Nat'l R.R. Passenger Corp., 16-MC-2778 (FB), 2016 WL 6902140, at *4, *6 (E.D.N.Y. Nov. 23, 2016).

Turning to defendants' assertion of burdensomeness, a party does not have standing to complain that a subpoena would subject a non-party to an undue burden. See KGK Jewelry LLC v. ESDNetwork, No. 11 Civ. 9326 (LTS)(RLE), 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) ("[a]lleging that a subpoena is 'harassing and serve[s] no purpose' . . . does not confer standing" on the objecting party); Samad Bros., Inc. v. Bokara Rug Co. Inc., No. 09 Civ. 5843 (JFK)(KNF), 2010 WL 5094344, at *4 (S.D.N.Y. Nov. 30, 2010). In any event, even if the AOH defendants did have standing to challenge the subject subpoena on this ground, they have failed to demonstrate that complying with the subpoena would be unduly burdensome to Dr. Kogos, as they offer only vague and conclusory assertions. Notably, in the email from Dr. Kogos to counsel for plaintiffs, Dr. Kogos himself does not claim that he would be burdened by responding to the subpoena. See 11/13/16 Email. Nor does defendants' motion contain any evidentiary materials from Dr. Kogos regarding the subpoena's alleged burden. In fact, notwithstanding their objections, the AOH defendants, and the deponent "as an employee," served a response to the subpoena, claiming that Dr. Kogos is not in possession of the documents requested. See Subpoena Response; see also 11/13/16 Email ("The subpoena requested me to produce documents that I don't have, and never had in my possession."). To the extent that the subpoenaed documents are not within his possession, custody, or control,[3] Dr. Kogos will not be burdened by responding to the document requests.

---

[3] As plaintiffs note, Dr. Kogos repeatedly denies having responsive documents in his
(continued…)

The cases cited by the AOH defendants are inapposite. For example, in <u>Chytka v. Wright Tree Service, Inc.</u>, 11-cv-968 (REB)(KMT) (D. Colo. Jan. 30, 2012),[4] where the *pro se* plaintiff served document subpoenas on the defendant, the court held that it was improper to subpoena documents *from a party* rather than seek them through a Rule 34 discovery request. <u>See</u> Order dated January 30, 2012 at 2, DE #52 in 11-CV-968 (D. Colo.). In <u>Travelers Indemnity Co. v. Metropolitan Life Insurance Co.</u>, 228 F.R.D. 111 (D. Conn. 2005), the subpoenas at issue would have required the non-party to search hundreds of boxes stored in several states even though the information sought was publicly available in a bankruptcy proceeding. <u>See</u> <u>id.</u> at 114. Here, in contrast, the AOH defendants have not made a comparable showing that responding to the subpoena would be unduly burdensome. The facts in <u>Stephens v. GEICO</u>, 04-cv-1168 (MCA)(RHS) (D.N.M. 2005), are likewise a far cry from those in the instant case: There, the defendant argued that a subpoena served on its attorney was unduly burdensome because every document sought was in the defendants' possession. <u>See</u> Order dated March 30, 2005 at 3, DE #46. Here, on the other hand, the subpoenaed individual was not the defendants' attorney, and defendants do not purport to have produced any of the documents sought by the subpoena.

Similarly unavailing is defendants' complaint that plaintiffs failed to identify Dr. Kogos

---

[3](…continued)
possession, but is silent as to what is in his "possession, custody, or control," the relevant standard under Rule 45(a)(1)(A)(iii). <u>See</u> Pl. Opp. at 2.

[4] As defendants cited only the title and docket number of that case, the Court had to ascertain the district in which the case was pending and to locate the unreported order in the docket sheet. <u>See</u> Mot. for Protective Order at 2.

in their initial disclosures.  See Mot. for Protective Order at 1; Reply at 2-3.  Defendants ignore the plain language of Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, which requires that parties disclose the name and contact information of each person "likely to have discoverable information . . . *that the disclosing party may use to support its claims or defenses* . . . ."  Fed. R. Civ. 26(a)(1)(A)(i) (emphasis added).  Inasmuch as defendants have been treating Dr. Kogos as a defense witness (at least in connection with their discovery responses), it cannot credibly be argued at this stage of the proceeding that *plaintiffs* likely will be using Dr. Kogos to support their claims; rather, it may reasonably be inferred that they subpoenaed him in order to discover how he will support defendants' defenses.  Plaintiffs therefore have not violated Rule 26(a)(1)(A) and, in any event, defendants have suffered no prejudice from plaintiffs' alleged failure to identify an individual well known to them.[5]

For the first time in their reply, the AOH defendants argue that plaintiffs should be precluded from taking depositions – of defendants or Dr. Kogos – while defendants' motion to disqualify plaintiffs' counsel is still pending before Judge Weinstein.  See Reply at 1-2; see also First Motion to Disqualify Counsel (Nov. 14, 2016), DE #275.  Even if the pendency of that motion warranted a stay of plaintiffs' deposition discovery – and it does not – the Court need not and will not consider new arguments raised for the first time in their reply.  See, e.g., Colon v. City of New York, No. 11-CV-0173 (MKB), 2014 WL 1338730, at *9 (E.D.N.Y. Apr. 2, 2014) ("The Second Circuit has clearly stated that arguments raised for the first time in

---

[5] Indeed, there is considerable force to plaintiffs' argument that it is defendants who violated Rule 26, by not disclosing Dr. Kogos as their potential witness until July 2016.  See Pl. Opp. at 3 n.2.

-10-

reply papers or thereafter are properly ignored.") (collecting cases).

Similarly makeweight is the belated argument, likewise raised for the first time in the AOH defendants' reply, that plaintiffs have not properly served Dr. Kogos. See Reply at 2.[6] Again, this argument should have been presented in the motion for a protective order and to quash the subpoena and, as it was not, it has not been preserved. See Colon, 2014 WL 1338730, at *9. In any event, as defendants "and non-party Alexander Kogos, M.D." have purported to "respond[] to Plaintiffs' Requests for the Production of Documents within their Non-Party Subpoena of Dr. Alexander Kogos," see Subpoena Response at 1, they have thereby waived any arguable defect in service, see e.g., Mercexchange, L.LC. v. eBay, Inc., No. M8-85, 2007 WL 582729, at *1 (S.D.N.Y. Feb. 23, 2007).

The AOH defendants also contend that the non-party witness should not be required to disclose AOH's "privileged and/or confidential and/or commercial information[.]" See Mot. for Protective Order at 3. Any concerns regarding confidentiality will be adequately addressed by designating as confidential appropriate documents pursuant to the protective order in effect, which restricts the dissemination of certain documents produced or created by a non-party. See Protective Order (Oct. 16, 2015) at 2-3, DE #181-1; see also Coen v. Americare Certified Special Servs., Inc., No. 13-CV-5522 (KAM), 2014 WL 1237258, at *2 (E.D.N.Y. Mar. 25, 2014). As for any documents withheld under claims of privilege, they were required to be specified on a privilege log, see Fed. R.Civ. P. 45(e)(2)(A); S.D.N.Y./E.D.N.Y. Local Civ. R. 26.2, and, as it appears that none has been served in response to the subpoena within a

---

[6] The defective-service argument is addressed in a single paragraph devoid of any supporting case law.

reasonable time, any claim of privilege has been waived, see Micillo v. Liddle & Robinson LLP, 15-CV-6141 (JMF), 2016 WL 2997507, at *1, *2-*3 (S.D.N.Y. May 23, 2016); see also In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998).

Finally, this Court is constrained to note the apparent strategic nature of the timing of the filing of the AOH defendants' motion: Although the parties exchanged emails regarding the deposition weeks before it was scheduled to occur, defendants waited to file their motion until after business hours on the night before the scheduled deposition. Such dilatory tactics will not be tolerated. Inasmuch as the AOH defendants' motion is focused primarily on the documents sought, which Dr. Kogos claims he does not have, the deposition could have – and indeed should have – gone forward on November 30th, notwithstanding any dispute over documents.

## II. Plaintiffs' Cross-Motion to Compel

Plaintiffs cross-move to compel Dr. Kogos to appear for deposition on or before December 9, 2016. Having determined that the subpoena should not be quashed, the Court directs Dr. Kogos, on pain of sanctions, to appear for his deposition at 10:00 a.m. on December 9, 2016, at the offices of LH Reporting Services, Inc., One Pierrepont Plaza West, 12th Floor, Brooklyn, NY 11201, and to produce documents within his custody, possession or control that are responsive to the subpoena dated November 10, 2016. Dr. Kogos is warned that his failure to comply with the court-ordered subpoena may be deemed a contempt of the court from which the subpoena issued. See Fed. R. Civ. P. 45(e); see also Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991); Leser v. U.S. Bank Nat'l Ass'n, No. 09-CV-2362 (KAM)(ALC), 2011 WL 1004708, at *6 (E.D.N.Y. Mar. 18, 2011); Hunter TBA v. Triple Sales, 250 F.R.D. 116, 117 (E.D.N.Y. 2008). Moreover, Dr. Kogos is

advised that plaintiffs' document requests seek documents in his "possession, custody, or control," rather than simply in his "possession." See Fed. R. Civ. P. 45(a)(1)(A)(iii). "Control" is construed broadly and includes documents that a non-party does not actually possess "but has the legal right or practical ability to obtain [] from another source on demand." Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 90 Civ. 7811 (AGS), 1994 WL 510043, at *3 (S.D.N.Y. Sept. 16, 1994); accord Raimey v. Wright Nat'l Flood Ins. Co., 76 F.Supp.3d 452, 470 (E.D.N.Y. 2014); see Linde v. Arab Bank, PLC, 262 F.R.D. 136, 141 (E.D.N.Y. 2009). Even if Dr. Kogos controls but does not possesses a responsive document, he must produce it.[7]

## CONCLUSION

For the foregoing reasons, defendants' motion for a protective order and to quash is denied, and plaintiffs' motion to compel is granted. Counsel for both sides are directed forthwith to (a) advise Dr. Kogos of this Memorandum and Order and (b) transmit a copy of it to him via email and overnight delivery, with proof of service to be filed in the Court. The Court directs Dr. Kogos, on pain of sanctions, to appear for his deposition at 10:00 a.m. on December 9, 2016, at the offices of LH Reporting Services, Inc., One Pierrepont Plaza West, 12th Floor, Brooklyn, NY 11201, and to produce documents within his custody, possession or control that are responsive to the subpoena dated November 10, 2016.

Any objections to the Memorandum and Order must be filed with the Honorable Jack

---

[7] For example, Dr. Kogos may have access to copies of his W-2 forms, payroll checks, work schedules and employment agreement. See Requests No. 1 (employment agreements); No. 2 (W-2s, 1099s, payroll checks, and/or work schedules).

B. Weinstein by December 20, 2016, or will be deemed waived. The filing of an objection, without more, will not operate as a stay of this order.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**December 6, 2016**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**