ROANNE L. MANN  
UNITED STATES MAGISTRATE JUDGE

DATE: February 24, 2017  
START: 10:00 a.m.  
END: 11:30 AM

DOCKET NO: 14-CV-6756, 15-CV-3639

CASE: ALLSTATE INSURANCE COMPANY ET AL V. A & F MEDICAL P.C. ET AL  
ALLSTATE INSURANCE COMPANY ET AL V. ART OF HEALING MEDICINE, P.C. ET AL

- ☐ INITIAL CONFERENCE
- ☑ DISCOVERY CONFERENCE
- ☐ SETTLEMENT CONFERENCE
- ☑ MOTION HEARING
- ☐ OTHER/ORDER TO SHOW CAUSE
- ☐ FINAL/PRETRIAL CONFERENCE
- ☐ TELEPHONE CONFERENCE
- ☐ INFANT COMPROMISE HEARING

| PLAINTIFF | ATTORNEY |
|---|---|
| | Daniel Marvin |
| | Robert Stern |
| | William Natbony |

| DEFENDANT | ATTORNEY |
|---|---|
| | Wesley Mead |
| | |
| | |

- ☑ __FACT__ DISCOVERY TO BE COMPLETED BY March 31, 2017*
- ☐ NEXT _____ CONFERENCE SCHEDULED FOR _____
- ☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
- ☐ PL. TO SERVE DEF. BY: _____ DEF. TO SERVE PL. BY: _____

RULINGS: PLEASE TYPE THE FOLLOWING ON DOCKET SHEET

The Court hears argument on and resolves various discovery motions. The Court grants the parties' joint request to extend discovery (DE #352 in 14CV6756, DE #297 in 15CV3639) until March 31, 2017, for the purpose of completing discovery that is ongoing. By February 28, 2017, the parties shall file a joint proposed schedule for expert discovery, which, in accordance with Judge Weinstein's Order of 2/21/17, must be completed by August 15, 2017.

For the reasons stated on the record, the Court grants plaintiffs' motion to compel Art of Healing to produce a Rule 30(b)(6) corporate witness knowledgeable as to VSNCT billing practices, but reserves decision on the appropriate sanction for

any violation of this ruling (DE#376/DE#328); denies defendants' motion for contempt and to compel plaintiffs to produce a Rule 30(b)(6) witness other than Richard D'Amato, but will require him to appear as a Rule 30(b)(6) witness for four additional hours of examination (DE#372, 373/DE#324, 325); grants plaintiffs' unopposed motion to compel defendants to produce Nikolai Minkin for deposition (DE#377/DE#329). The Court denies without prejudice the parties' cross-motions to compel further responses to interrogatories and/or document demands (DE#354, #383/DE#299, #335); the parties shall attempt to resolve these issues through deposition examination and through meeting and conferring. The Court reserves decision on plaintiffs' various motions for sanctions against defendant A. Pinkusovich for violating the Court's order that he not communicate directly with the Court (DE#345, 381/DE#290, #333).