**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,**
**et al.,**

                     **Plaintiffs,**   **MEMORANDUM AND**
      -against-   **ORDER**

**A & F MEDICAL P.C. , et al.,**   **14-CV-6756 (JBW)**

                     **Defendants.**
-------------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,**
**et al.,**

                     **Plaintiffs,**   **15-CV-3639 (JBW)**

      -against-

**ART OF HEALING MEDICINE, P.C., et al.,**

                     **Defendants.**
-------------------------------------------------------------x

Currently pending before the Court, in these actions brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, are motions by plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company (collectively, "plaintiffs" or "Allstate") to strike the proposed amended answers of defendants Art of Healing Medicine, P.C. ("AOH"), and Alexander Pinkusovich, MD and Svetlana Pinkusovich, MD (the "Pinkusoviches") (collectively, the "AOH defendants"). See Motion for Sanctions (May 5, 2017) ("Motion for Sanctions"), Electronic Case Filing Docket Entry ("DE") #433;[1] Letter Motion to Strike (May 15, 2017) ("Motion to Strike"), DE #439. For the reasons that follow,

---

[1] All citations to docket entries pertain to the docket in 14-cv-6756.

plaintiffs' Motion to Strike is denied and their Motion for Sanctions is denied in substantial part.

## FACTUAL BACKGROUND

By Report and Recommendation filed on April 24, 2017, this Court recommended that the motion filed by the AOH defendants to amend their answers to add certain affirmative defenses be largely denied, except for the addition of the affirmative defense of ratification.[2] See Report and Recommendation (Apr. 24, 2017) at 25, DE #422. The Court directed the AOH defendants to serve on plaintiffs, by May 1, 2017, amended answers that are identical to their current pleadings but for the addition of the affirmative defense of ratification. See id. The Court further afforded plaintiffs an opportunity to object prior to the filing of the amended answer as the operative pleading of the AOH defendants. See id.

On May 3, 2017, after the Honorable Jack B. Weinstein granted the motion of the AOH defendants' third consecutive counsel of record to withdraw from the case, see Order (Apr. 18, 2017), DE #417, the Court received an "Amended Answer and Affirmative Defense by Defendants Art of Healing Medicine, P.C.," sent by mail on May 1, 2017. It is not clear to the Court on whose behalf the document was submitted. The proposed pleading states that it was submitted on behalf of "Defendants ART OF HEALING, P.C. (hereinafter, "Defendant",

---

[2] At the oral argument on the AOH defendants' motion to amend, held on March 31, 2017, this Court struck the proposed amended answers (DE #393, #394) submitted by the AOH defendants' then-counsel, as a sanction for making material changes to the operative answer that were not the subject of the AOH defendants' motion to amend, including incorporating by reference the complaint filed in Art of Healing Medicine, P.C. v. Allstate Ins. Co., 16-cv-4208 (JBW) (the "AOH Action"). See Transcript of Civil Cause for Discovery Conference held on March 31, 2017 (May 17, 2017) at 15-17, DE #441.

"AOH") by Alexander Pinkusovich, M.D. and Svetlana Pinkusovich, M.D. individual defendants in the above captioned matter acting *pro se* . . . ." In any event, since it appeared that the proposed amended answer had not been served on plaintiffs prior to its submission to the Court, this Court extended plaintiffs' time to object and noted that the proposed amended answer would not be docketed.[3] See Order (May 5, 2017), DE #431.

By letter-motion filed on May 5, 2017, plaintiffs seek an order: that Art of Healing Medicine, P.C. be precluded from filing a proposed amended answer because it failed to follow the Court's directions; that a notation of default be entered against it because an entity is not permitted to proceed in federal court without counsel; that the individual defendants be precluded from asserting any defenses that are not contained in their operative answer (DE #297) because of their failure to timely serve a proposed amended answer in accordance with this Court's orders; and that the Court award plaintiffs their attorneys' fees. See Motion for Sanctions (May 5, 2017), DE #433.

Shortly thereafter, on May 11, 2017, the Court received a proposed amended answer on behalf of the two individual defendants, Alexander Pinkusovich, MD and Svetlana Pinkusovich, M.D. See Letter attaching proposed amended answer (May 11, 2017), DE #435. By electronic order dated May 11, 2017, this Court recognized that, once again, this latest proposed amended answer had not been sent to plaintiffs in advance of its submission to the Court. See Electronic Order (May 11, 2017). Accordingly, the Court ordered plaintiffs to review that pleading and, by May 15, 2017, to set forth their view on whether the

---

[3] The proposed amended answer is attached hereto as an appendix.

Pinkusoviches' proposed amended answer complied with the Court's substantive directions contained in the Report and Recommendation. See id. On May 15, 2017, plaintiffs moved to strike "non-compliant portions" of the Pinkusoviches' proposed amended answer. See Motion to Strike. Plaintiffs contend that the Pinkusoviches' proposed amended answer improperly references allegations in the AOH Action, which, according to plaintiffs, this Court has prohibited, and adds new and irrelevant factual allegations regarding billing matters that occurred subsequent to the events at issue in this case. See id. at 2. Plaintiffs request that the Court strike the non-compliant portions of the Pinkusoviches' proposed amended answer, preclude any further proposed amendments as a sanction for defendants' violation of this Court's orders, and award plaintiffs attorneys' fees. See id.

By letter dated May 15, 2017, the Pinkusoviches responded to plaintiffs' Motion for Sanctions. See Response in Opposition (May 18, 2017), DE #443. The Pinkusoviches generally re-hash their allegations, recited in several motions already pending before the Court, that this action is being orchestrated by plaintiffs' counsel, rather than Allstate, in order to extort money from the AOH defendants. See id. at 2. The Pinkusoviches also suggest that their most recently submitted proposed amended answer is a corrected and edited version of the proposed amended answer that they had submitted on behalf of AOH.

By separate letter dated May 16, 2017, the Pinkusoviches responded to plaintiffs' Motion to Strike. See Response in Opposition (May 18, 2017), DE #444. The Pinkusoviches' response primarily argues that their ratification defense is colorable and that they would be prejudiced if the Court granted plaintiffs' Motion to Strike. See id. at 2-3. Not to be outdone, the Pinkusoviches cross-move for sanctions against plaintiffs. See id. at 3.

**DISCUSSION**

Pinkusoviches' Proposed Amended Answer

First, plaintiffs' argument that the Pinkusoviches improperly included in their proposed amended answer allegations contained in the complaint filed in the AOH Action misses the mark. This Court prohibited only the incorporation by reference of the complaint filed in that action, which incorporation was contained in the original proposed amended answers submitted in the instant case by then-counsel for the AOH defendants (see DE #393, #394). The proposed amended answer submitted by the Pinkusoviches contains no reference whatsoever to the AOH Action. To the extent that some of their allegations in support of the affirmative defense of ratification are similar to allegations in their pleading in that action, they have not thereby violated this Court's directives.

Second, the allegations described by the plaintiffs as "new, irrelevant and inapposite," contained in paragraph 32 of the Pinkusoviches' proposed amended answer in support of the affirmative defense of ratification (see DE #435), are largely the same allegations that were contained in paragraph 35 of the Pinkusoviches' original proposed amended answer interposing the affirmative defense of ratification. Compare DE #435 ¶ 32 with DE #394 ¶ 35. Since the challenged allegations were contained in the pleadings that were the subject of the AOH defendants' motion to amend, and this Court rejected plaintiffs' (limited) objection to the ratification defense, the inclusion of those allegations does not violate the Court's directions. Moreover, to the extent that plaintiffs seek to re-argue the merits of the ratification defense, plaintiffs conceded at oral argument that there are factual disputes that bear upon the viability of that defense. See Minute Entry (Mar. 31, 2017) at 2, DE #402.

Accordingly, this Court grants the Pinkusoviches leave to file the proposed amended answer. The Clerk of Court is respectfully requested to docket as their new operative pleading the proposed amended answer attached to the Pinkusoviches' May 10, 2017 letter (see DE #435).

AOH's Proposed Amended Answer

As to defendant AOH, although a corporation may not proceed in this action without counsel, this Court, following defense counsel's withdrawal, issued a Report and Recommendation that required of AOH only the ministerial task of adding the ratification defense to the then-operative answer. Unfortunately, the proposed amended answer submitted by the Pinkusoviches, on behalf of AOH, did not comply with this Court's substantive directions.[4] Therefore, the Court grants plaintiffs' motion to strike the proposed amended answer submitted on behalf of AOH. However, AOH's operative answer (DE #296) is deemed amended to include the affirmative defense of ratification as pled by the Pinkusoviches in paragraph 32 of their proposed amended answer (see DE #435). In light of the fact that plaintiffs' Motion to Strike AOH's Answer for failure to retain counsel is pending before Judge Weinstein, see Motion to Strike (Apr. 25, 2017), DE #423, this Court declines to recommend entry of default against AOH at this time.

Finally, this Court is constrained to note the serial motions for sanctions recently filed by plaintiffs in this action. See, e.g., DE #423, #433, #439, #442. Counsel is urged to show more restraint in moving for an award of fees. The Pinkusoviches are similarly advised that

---

[4] For example, it incorporates by reference the entire complaint filed in the AOH Action.

responding to plaintiffs in kind is not a productive way to proceed. The parties' cross-motions for fees in connection with the instant dispute (DE #433, #439, #444) are denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to strike the Pinkusoviches' proposed amended answer is denied and plaintiffs' motion to strike AOH's proposed amended answer is granted. However, AOH's operative answer (DE #296) is deemed amended to include the affirmative defense of ratification as pled by the Pinkusoviches in paragraph 32 of their proposed amended answer (see DE #435). The parties' cross-motions for an award of attorneys' fees are denied.

**SO ORDERED.**

Dated: Brooklyn, New York
May 19, 2017

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**