**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,**
**et al.,**

                         **Plaintiffs,**          **MEMORANDUM AND**
        -against-                                **ORDER**

**A & F MEDICAL P.C. , et al.,**                **14-CV-6756 (JBW)**

                        **Defendants.**
-----------------------------------------------------------x
**ALLSTATE INSURANCE COMPANY,**
**et al.,**

                         **Plaintiffs,**          **15-CV-3639 (JBW)**

       -against-

**ART OF HEALING MEDICINE, P.C., et al.,**

                        **Defendants.**
-----------------------------------------------------------x

       Currently pending before the Court, in these actions brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, is a motion filed by *pro se* defendants Alexander Pinkusovich, M.D. and Svetlana Pinkusovich, M.D. (the "Pinkusoviches") to compel plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company and Allstate Fire & Casualty Insurance Company (collectively, "plaintiffs" or "Allstate") to provide responses to defendants' Second Set of Interrogatories and Demands to Produce and to cure alleged deficiencies in the verification of plaintiffs' Responses to Defendants' First Set of Interrogatories. See Second Motion to Compel Proper 30(b) Responses to Defendants First and Second Set of Interrogatories and to Produce (May 26, 2017) ("Sec. Mot. to Compel"),

Electronic Case Filing Docket Entry ("DE") #453.[1]  For the following reasons, the Pinkusoviches' motion to compel is denied.

## DISCUSSION

Second Set of Interrogatories and Demands to Produce

By letter dated February 12, 2017, defendants Art of Healing Medicine, P.C. and the Pinkusoviches (collectively, the "defendants"), through their then-counsel, filed a motion to compel raising the same issues as the instant motion.  See First Motion to Compel Proper Interrogatory and Document Demand Responses (Feb. 12, 2017), DE #383.  At a motion hearing held on February 24, 2017, this Court found that defendants' Second Set of Interrogatories and Demands to Produce were untimely, since they were served less than 30 days before the then-deadline for the completion of fact discovery.  See Transcript of Civil Cause for Discovery Conference held on February 24, 2017 (Apr. 11, 2017) ("Tr.") at 31, DE #412.  This Court also found that the motion to compel itself was untimely because it was filed after the deadline set for filing such motions.  See id. at 30.  The Court nevertheless reviewed the untimely interrogatories and document requests and concluded that the demands were, "to put it mildly, sprawling.  There are some that are plainly improper . . . [and] a lot of what I would call make[-]work . . . ."  Id. at 32-33.  The Court determined that, "to the extent that there may be some items in there that the plaintiff should have to respond to[, . . .] at this point in time the inquiries [are] better put to the 30(b)(6) witness."  Id. at 33.  Accordingly, the Court denied this aspect of defendants' motion to compel.

---

[1] All citations to docket entries pertain to the docket in 14-cv-6756.

Obviously, the instant second motion to compel is also untimely, having been filed almost two months after the extended date for the completion of fact discovery, March 31, 2017. Notwithstanding the untimeliness of the motion, this Court stands by its rulings made at the February 24, 2017 conference denying this aspect of the first motion to compel on substantive and timeliness grounds.

First Set of Interrogatories and Document Demands

The Court also previously addressed the issues raised here with respect to Allstate's responses to defendants' First Set of Interrogatories and Document Demands. Although it had not been clear to the Court the precise nature of defendants' objections to plaintiffs' responses, at the February 24th conference, counsel for defendants clarified that their primary objection was the absence of written authorization for plaintiffs' counsel to verify plaintiffs' discovery responses. See id. at 33-34. The Court denied without prejudice this aspect of defendants' motion to compel and directed the parties to confer further about the admissibility of the interrogatory responses. See id. at 36.

The Pinkusoviches raise substantially similar objections now, to wit, that plaintiffs' responses to defendants' First Set of Interrogatories and Document Requests are inadequate because: there is no handwritten signature on the responses themselves or the verification of the responses; the responses are verified by counsel rather than by plaintiffs; counsel's verification is not notarized; and counsel's verification was not authorized by the client. See Sec. Mot. to Compel at 2. Each of these objections may be swiftly rejected.

First, plaintiffs' counsel's use of an electronic signature on plaintiffs' responses to

interrogatories and the verification is permissible.[2] See Pipino v. Delta Air Lines, Inc., No. 15-cv-80330-MARRA/MATTHEWMAN, 2016 WL 2856003, at *3 (S.D. Fla. May 13, 2016); Gann v. North-Central Ala. Reg'l Council of Gov'ts, No. CV-13-S-270-NE, 2013 WL 6190799, at *3 & n.16 (N.D. Ala. Nov. 26, 2013); Miller v. City of Plymouth, No. 2:09-CV-205-JVB-PRC, 2011 WL 1740154, at *17 (N.D. Ind. May 5, 2011). Rule 5(d)(3) of the Federal Rules of Civil Procedure permits papers to be signed electronically. See Fed. R. Civ. P. 5(d)(3). Rule 26(g) requires that discovery responses be signed by the attorney of record. See Fed. R. Civ. P. 26(g)(1). Rule 33(b)(5) requires that answers to interrogatories be signed by "[t]he person who makes the answers." See Fed. R. Civ. P. 33(b)(5). Neither Rule 26 nor Rule 33 mandates that the requisite signatures be handwritten rather than electronic signatures.

Second, Rule 33 expressly permits a corporation or other entity to answer interrogatories "by any officer or agent." See Fed. R. Civ. P. 33(b)(1)(B). Thus, it is entirely proper for plaintiffs' outside counsel to verify plaintiffs' interrogatory responses, as their agent. See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 368, 370 (S.D.N.Y. 2010); Shire Labs., Inc. v. Barr Labs., Inc., 236 F.R.D. 225, 227-28 (S.D.N.Y. 2006). The case cited by the Pinkusoviches in their reply, Jacob v. City of New York, No. 07cv04141 (KAM)(MDG), 2009 WL 383752 (E.D.N.Y. Feb. 6, 2009), does not support their position. See Reply (June 2, 2017) ("Pinkusovich Reply"), DE #459. In that case, unlike here, the attorney for the City of New York did not provide any verification of the City's interrogatory responses and the City refused to answer plaintiffs'

---

[2] Counsel used a handwritten signature on the responses to defendants' first request for documents. See Sec. Mot. to Compel, Ex. A at 18.

interrogatory seeking the identification of those who provided information to respond to the interrogatories. In fact, there, the court expressly found that counsel for the City is permitted to verify his client's interrogatory responses. See Jacob, 2009 WL 383752, at *2.

Third, although counsel's verification in this case was not sworn to before a notary, see Sec. Mot. to Compel, Ex. C at 22, it conforms with the requirements of 28 U.S.C. § 1746, which permits an unsworn declaration to be made under penalty of perjury. See LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 65-66 & n.2 (2d Cir. 1999) (finding admissible as affidavit, an unsworn letter that met requirements of 28 U.S.C. § 1746); Batista v. United States, 14-CV-895 (DLI)(LB), 2016 WL 4575784, at *3-*4 (E.D.N.Y. Aug. 31, 2016). The verification of plaintiffs' counsel, Daniel Marvin, states that he "affirms under penalty of perjury, as follows . . . ." Sec. Mot. to Compel, Ex. C at 22. Counsel's statement substantially complies with the statute.

Finally, the Pinkusoviches argue that counsel's verification must be accompanied by an authorization from plaintiffs. This appears to be a rehashing of an argument the Pinkusoviches have raised many times in various motions -- that this case is a product of rogue attorneys acting without the authority of their clients. Rule 33 does not require any such written authorization and this Court is not aware of any other basis that requires plaintiffs to produce an authorization. The Pinkusoviches' theory strains credulity and, as plaintiffs point out, Allstate's authorization and participation in this action are evidenced by plaintiffs' production of Allstate documents and Allstate-designated corporate representatives for deposition. Moreover, Mr. Marvin's verification, affirmed under penalty of perjury, states that he is "authorized to submit this response on behalf of Plaintiffs." See Sec. Mot. to Compel, Ex. C

at 22. In reply, as purported evidence that plaintiffs' counsel has been proceeding without authorization, the Pinkusoviches rely on the fact that the witnesses produced by Allstate, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, are not officers or managing agents of the corporate entities. See Pinkusovich Reply at 2. However, this too was raised in defendants' first motion to compel and, as the Court discussed at the February 24th conference, a corporation is free to designate someone other than an officer or managing agent to testify on its behalf. See Tr. at 10; Fed. R. Civ. P. 30(b)(6). Thus, the Pinkusoviches' request that the Court direct Allstate to produce an authorization is denied.

## **CONCLUSION**

For the foregoing reasons, the Pinkusoviches' motion to compel is denied in its entirety.

**SO ORDERED.**

**Dated:**         **Brooklyn, New York**
                **June 5, 2017**

/s/    *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**